IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MALONE, on behalf of himself and others similarly situated, | CIVIL ACTION |
| Plaintiff, | FILED ELECTRONICALLY |
| v. | JURY TRIAL DEMANDED |
| UNITED PARCEL SERVICE, INC., | |
| Defendant. | |

## COMPLAINT – CLASS ACTION

Michael Malone ("Plaintiff") brings this class action lawsuit against United Parcel Service, Inc. ("Defendant"), seeking all available relief under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq*. He alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because (i) Plaintiff and Defendant are citizens of different states and (ii) the aggregate damages sought on behalf of Plaintiff and the putative class exceeds $5 million pursuant to the Class Action Fairness Act of 2005, as amended 28 U.S.C. § 1332.

2. Venue in this Court is proper under 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff resides in Philadelphia, Pennsylvania (Philadelphia County).

4. Defendant is a corporation incorporated in Ohio and maintaining a principal place of business in Atlanta, Georgia.

## FACTS

5. Defendant is one of the world's largest package delivery companies operating in

the United States. Defendant does business in the industry of personal delivery services and the supply chain industry.

6. Defendant operates distribution hubs – specific centers of business that oversee and manage deliveries -- located in Pennsylvania (collectively "the PA warehouses") from which it receives and ships packages that are ultimately delivered to its customers and final destinations.

7. Most employees at the PA warehouses are classified as non-exempt and are paid an hourly wage ("PA warehouse employees.")

8. Plaintiff has been employed by Defendant as a PA warehouse employee since approximately October 1992. Plaintiff primarily works at the PA warehouse located in Willow Grove in Horsham, PA ("the Willow Grove warehouse").

9. Plaintiff's current hourly rate is $32.12.

10. Defendant has similar facilities to the Willow Grove warehouse across Pennsylvania, including in Philadelphia, West Chester, Yeadon, Bethlehem, Carlisle, Harrisburg, and Pittsburgh among others.

11. Defendant's PA warehouses are physically large spaces. For example, UPS' Philadelphia (Oregon Ave.) facility encompasses 357,000.00 square feet.

12. PA warehouse workers are not paid for all hours worked, as required by Pennsylvania law. Specifically, PA warehouse workers are not paid for time spent waiting to undergo, and undergoing, mandatory security screening on Defendant's premises before and after their shifts.

13. PA warehouse workers are required to report to a guard shack at the PA warehouses at the beginning of their workday.

14. Defendant maintains lockers at the guard shacks where PA warehouse workers

store their personal items before entering the PA warehouses.

15. PA warehouse workers generally change into steel tipped boots required to perform their work at the guard shack and before entering the PA warehouses.

16. Prior to entering the PA warehouse and before leaving the PA warehouse, PA warehouse workers are required to undergo mandatory security screen procedures.

17. Specifically, PA warehouse workers are required to go through metal detectors before entering the PA warehouses. They must wait in line, empty their pockets, go through a metal detector, and submit to an inspection of any lunch bag prior to being allowed to enter the PA warehouse.

18. After going through the mandatory security screening procedures, PA warehouse workers generally walk to their work area within the PA warehouse, where they "clock in" for the day.

19. For example, Plaintiff works in the Quality Control area, between the secondary load and South A load. Plaintiff estimates that the closest assigned area from the security screen entrance is still approximately a two-minute walk.

20. Similarly, at the end of the day, PA warehouse workers "clock out" using timeclocks in their areas. After clocking out, they are required to walk back to the security screen area and clear another mandatory security screen prior to leaving the PA warehouse.

21. Defendant generally determines the paid hours of PA warehouse employees based on the times the employees "clock-in" and "clock-out" at timekeeping devices located at or near their assigned work area in the warehouse.

22. Because the mandatory security screening and attendant walk time occurs before and after the time at which PA warehouse employees clock-out, such time is uncompensated.

23. While walking within the warehouse premises, PA warehouse employees are required to follow Defendant's workplace rules, regulations, and guidelines. For example, a PA warehouse employee could be disciplined for running, engaging in horseplay, smoking, eating, drinking, using profanity, or engaging in other prohibited conduct while walking within the warehouse premises. Including safety procedure such as wearing steel tipped boots.

24. While walking within the warehouse, PA warehouse employees are required to follow specified walking routes. Employees who deviate from the specified routes can be disciplined.

25. Defendant's PA warehouse employees often are scheduled to and in fact work 40 or more hours per week without counting the unpaid time in security screening as described above. For example, Plaintiff specifically recalls working between 40 and 53 hours per week. As such, much of the walking, security screening, time described above is hours worked over and above the 40 hours of on the clock time and should be compensable at the overtime premium rate of "one and one-half" times each PA warehouse employee's regular hourly pay rate.

26. Based on information and belief, Defendant employs more than approximately 2,750 PA warehouse employees at the Willow Grove warehouse alone, and more than approximately 13,000 PA warehouse employees throughout Pennsylvania.

27. The total amount of uncompensated time PA warehouse employees spend undergoing mandatory screenings is not insignificant for these workers, who work for hourly wages; and in the aggregate, Defendant saves significant sums of money by failing to pay for the time it requires PA warehouse employees to perform this required work on its premises. *See Heimbach v. Amazon.com, Inc.*, __ A.3d __, 2021 WL 3059773, 2021 Pa. LEXIS 3047, at 12 n*19 (Pa. July 21, 2021).

## CLASS ALLEGATIONS

27. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23. He sues on behalf of every individual who, during any week within the past three years, was employed by Defendant (or any affiliated entity) at a Pennsylvania distribution facility, fulfillment center, or other warehouse location and paid an hourly wage.

28. Class action treatment of Plaintiff's PMWA claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

29. The class, upon information and belief, includes thousands of individuals, all of whom are readily ascertainable based on Defendant's business records and are so numerous that joinder of all class members is impracticable.

30. Plaintiff is a class member, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

31. Plaintiff and his lawyers will fairly and adequately represent the class members and their interests.

32. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns Defendant's common timekeeping, payroll, and compensation policies, as described herein. The legality of these policies will be determined through the application of generally applicable legal principles to common facts.

33. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and

efficient adjudication of this litigation.

## COUNT I

34. All previous paragraphs are incorporated as though fully set forth herein.

35. Defendant is an employer covered by the PMWA's mandates.

36. Plaintiff and the class members are employees entitled to the PMWA's protections.

37. The PMWA entitles employees to compensation for "all hours worked" in a workweek. *See* 43 P.S. § 333.104(a). Such compensable time includes, *inter alia*, all "time during which an employee is required by the employer to be on the premises of the employer," *id.*, and must be paid "regardless of whether the employee is actually performing job-related duties while on the premises," *Heimbach v. Amazon.com, Inc.*, __ A.3d __, 2021 WL 3059773, 2021 Pa. LEXIS 3047 (Pa. July 21, 2021).

38. The PMWA requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

39. Defendant has violated the PMWA by failing to pay Plaintiff and other class members any compensation (including overtime premium compensation) for time associated with: (i) reporting to the guard shack at the beginning of the workday to store personal items in lockers prior to entering the PA warehouses; (ii) waiting for and participating in mandatory security screening in the warehouse premises at the beginning and end o the workday; and (iii) walking within the warehouse premises at the beginning and end of the workday.

## JURY DEMAND

Plaintiff demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the class, seeks the following relief: (i) unpaid wages (including overtime wages); (ii) prejudgment interest; (iii) litigation costs, expenses, and attorney's fees; and (iv) any other and further relief this Court deems just and proper.

Date:  August 16, 2021

Respectfully submitted,

Ryan Allen Hancock
WILLIG, WILLIAMS & DAVIDSON
1845 Walnut Street, 24th Floor
Philadelphia, PA 19103
Tel: 215.656.3600
Fax: 215.567-2310
rhancock@wwdlaw.com

Sarah R. Schalman-Bergen
Krysten Connon
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116
(267) 256-9973

Peter Winebrake
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491