**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL MALONE, RANDY SHEPLER, and KERI GREEN on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>Defendant. | Case No. 2:21-cv-03643-JDW |

**DECLARATION OF GARRETT D. KENNEDY**

GARRETT D. KENNEDY hereby declares as follows:

1. I am a partner with the law firm DLA Piper LLP (US), counsel for Defendant United Parcel Service, Inc. ("Defendant") in the above-captioned matter.

2. I have personal knowledge of the facts set forth herein. If called as a witness, I could and would competently testify as to the matters stated herein, unless otherwise indicated.

3. I submit this declaration in support of Defendant's Opposition to Plaintiffs' Motion for Fees and Costs ("Opposition").

4. In connection with the Opposition, UPS submits that certain of its fees incurred by UPS in connection with its defense of this action should offset any award that may be issued to Plaintiffs for various reasons.

5. I am a Chambers-ranked employment attorney with over seventeen years of experience. My practice includes defending various wage and hour class and collective actions under federal and state law. I earned my juris doctorate at University of Pennsylvania in 2008.

6. I am lead counsel and the billing attorney in the above-captioned action on behalf of UPS. As a result, I oversee and submit bills in furtherance of this litigation.

7. DLA Piper associates Ryan O'Connor, Rachel Mudra and Jessica Daneshvar have assisted in this matter.

8. Mr. O'Connor is a senior associate that represents employers in a variety of labor and employment matters. He graduated from George Washington University in 2012 and has been actively practicing law since that time, predominantly in employment litigation.

9. Ms. Mudra is a mid-level associate with four years of practice, including complex commercial and class action litigation. Ms. Mudra received her juris doctorate from Washington University in St. Louis in 2021.

10. Ms. Daneshvar is a junior associate with over two years of experience in employment law. Ms. Daneshvar received her juris doctorate from New York University in 2023.

11. The standard billing rates charged for myself and my above-referenced colleagues are set forth below:

| **Timekeeper** | **Title** | **Rate** |
|---|---|---|
| Garrett Kennedy | Partner | $1,595 |
| Ryan O'Connor | Senior Associate | $1,325 |
| Rachel Mudra | Associate | $1,085 |
| Jessica Daneshvar | Associate | $975 |

12. Notwithstanding my standard hourly rate above, for purposes of analyzing billing rates to determine any offsets in connection with the Opposition, I have presumed a rate for myself equal to that utilized by Plaintiffs' counsel Sarah Schalman-Bergen, who has a similar number of

years of practice in employment law to myself (Ms. Schalman-Bergen being a partner in her firm and having graduated in 2007, as per her LinkedIn profile).

13. The billing rate utilized by Ms. Schalman-Bergen in connection with Plaintiffs' fees application rate is 40.43% percent of my standard hourly rate. Accordingly, for purposes of calculating offsetting fees in UPS's Opposition, I have equivalently adjusted each of my colleagues rates to 40.43% of their standard hourly rate, resulting in the following hourly rates:

| Timekeeper | Title | Rate |
|---|---|---|
| Garrett Kennedy | Partner | $645.00 |
| Ryan O'Connor | Senior Associate | $535.81 |
| Rachel Mudra | Associate | $438.76 |
| Jessica Daneshvar | Associate | $394.28 |

14. Attached hereto as Exhibit A is a true and correct copy of the billing records provided by Plaintiffs' counsel in connection with their Motion, with such records having been converted into an Excel file and entries ordered in chronological order. Defense counsel has additionally added annotations in the third column regarding reasons for exclusion of such time entries, as reflected in the Opposition.

15. Attached hereto as Exhibit B is a true and correct copy of Plaintiffs' fees and costs associated with the preparation and defense of depositions, as Defendant has identified within Exhibit A.

16. Attached hereto as Exhibit C is a true and correct copy of Plaintiffs' fees associated with the deposition of Angie Woodruff, as Defendant has identified within Exhibit A.

17. Attached hereto as Exhibit D is a true and correct copy of UPS's fees and costs associated with the preparation and defense of the deposition of Angie Woodruff.

18. Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' fees associated with the depositions of Devin Whitman and Logan Green, as Defendant has identified within Exhibit A.

19. Attached hereto as Exhibit F is a true and correct copy of UPS's fees and costs associated with the preparation for and deposition of Devin Whitman and Logan Green. As described therein, time associated with other deponents has been removed.

20. Attached hereto as Exhibit G is a true and correct copy of the relevant excerpts of the transcript of the deposition of Jean Ditmars, taken May 15, 2025.

21. Attached hereto as Exhibit H is a true and correct copy of Plaintiffs' fees associated with the deposition of Jean Ditmars, as Defendant has identified within Exhibit A.

22. Attached hereto as Exhibit I is a true and correct copy of UPS's fees and costs associated with the preparation and defense of the deposition of Jean Ditmars.

23. Attached hereto as Exhibit J is a true and correct copy of Plaintiffs' fees associated with hearing attendance and meet and confer conferences, as Defendant has identified within Exhibit A.

24. Attached hereto as Exhibit K is a true and correct copy of Plaintiffs' time entries containing (at least in part) internal conferences, as Defendant has identified within Exhibit A.

25. Attached hereto as Exhibit L is a true and correct copy of counsel Peter Winebrake's fees, as Defendant has identified within Exhibit A.

26. Attached hereto as Exhibit M is a true and correct copy of Plaintiffs' fees associated with F.R.E. communications, as Defendant has identified within Exhibit A.

27. Attached hereto as Exhibit N is a true and correct copy of Plaintiffs' fees associated with arbitration matters, as Defendant has identified within Exhibit A.

28. Attached hereto as Exhibit O is a true and correct copy of email correspondence between counsel dated November 25, 2024.

29. Attached hereto as Exhibit P is a true and correct copy of UPS's fees associated with the preparation of UPS's Motion to Compel Arbitration and F.R.E. 408 communications.

30. Attached hereto as Exhibit Q is a true and correct copy of Plaintiffs' redlined Amended Complaint.

31. Attached hereto as Exhibit R is a true and correct copy of Plaintiffs' fees associated with amending the Complaint, as Defendant has identified within Exhibit A.

32. Attached hereto as Exhibit U is a true and correct copy of Plaintiffs' fees associated with the Reply in Support of their Motion for Class Certification, as Defendant has identified within Exhibit A.

33. Attached hereto as Exhibit V is a true and correct copy of the Parties' email submissions regarding Plaintiffs' extension request, dated July 1, 2025.

34. Attached hereto as Exhibit X is a true and correct copy of Plaintiffs' fees associated with the Motion to Strike, as Defendant has identified within Exhibit A.

35. Attached hereto as Exhibit Y is a true and correct copy of UPS's fees associated with the preparation of the Response in Opposition to the Motion to Strike and Sur-Reply in Support thereof.

36. Attached hereto as Exhibit Z is a true and correct copy of Plaintiffs' fees associated with reviewing and editing work product, as Defendant has identified within Exhibit A.

37. Attached hereto as Exhibit AA is a true and correct copy of Plaintiffs' time entries containing vague narrative descriptions, as Defendant has identified within Exhibit A.

38. Attached hereto as Exhibit BB is a true and correct copy of the ECF notice generated from Plaintiffs' filing of their Reply in Support of the Motion for Class Certification, ECF No. 113.

39. Attached hereto as Exhibit CC is a true and correct copy of the ECF notice generated from Plaintiffs' filing of their Reply in Support of the Motion for Class Certification, ECF No. 113.

40. Attached hereto as Exhibit DD is a true and correct copy of the ECF notice generated from Plaintiffs' filing of their Reply in Support of the Motion for Class Certification, ECF No. 113.

41. Attached hereto as Exhibit EE is a true and correct copy of Plaintiffs' fees associated with administrative and clerical tasks, as Defendant has identified within Exhibit A.

42. Attached hereto as Exhibit FF is a true and correct copy of the Deposition Notice directed to James Palmer.

43. Attached hereto as Exhibit GG is a true and correct copy of the Deposition Notice directed to Bryan Schouman.

44. Attached hereto as Exhibit HH is a true and correct copy of the Deposition Notice directed to Robert Capone.

45. Attached hereto as Exhibit II is a true and correct copy of the Deposition Notice directed to Fred Carr.

46. Attached hereto as Exhibit JJ is a true and correct copy of Plaintiffs' fees associated with the preparation of the fee petition, as Defendant has identified within Exhibit A.

47. Separately, on May 15, 2025, Plaintiffs deposed UPS witness Jean Ditmars. Ms. Ditmars' deposition transcript contains approximately 190 pages of substantive testimony. Pages 135 through 196 contain testimony regarding arbitration agreements and UPS's arbitration program. Accordingly, 61 pages of Ms. Ditmars testimony pertained to arbitration agreements, constituting over 32% of her substantive testimony. This does not account for the additional "10 minutes and 37 seconds" of deposition time during which Ms. Ditmars was directed to read an arbitration agreement, as reflected on page 162 of the transcript.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 26, 2025

*/s/ Garrett D. Kennedy*
Garrett D. Kennedy, Esq.